MEMORANDUM ***
Plaintiffs Jeffrey and Adele Schneidereit appeal the dismissal of their action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, Dougherty v. City of Covina, 654 F.3d 892, 897 (9th Cir.2011), we affirm.[1]
1. The district court properly found that Plaintiffs’ fraud claims are barred by the statute of limitations. The Second Amended Complaint (SAC) alleges a violation of the Uniform Fraudulent Transfer Act, and claims for fraud, cancellation of instruments, and breach of fiduciary duty, all of which are subject to a three-year statutes of limitation. See Cal.Civ.Proc. Code § 338(d). The SAC also alleges claims under the Unfair Competition Law and Elder Abuse Act, which are subject to four-year statutes of limitation. Cal. Bus. & Prof.Code § 17208; Cal. Welf. & Inst. Code § 15657.7. Plaintiffs filed suit on September 25, 2012, almost six years after the alleged fraudulent conduct occurred. The district court properly found that Plaintiffs have failed to show that they were not negligent in failing to discover the fraud within the statutory period. See Cal. Civ. Code § 338(d); Denholm v. Houghton Mifflin Co., 912 F.2d 357, 362 (9th Cir.1990); Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 803, 808, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005). Plaintiffs’ own factual allegations suggest that a reasonable person would have been put on inquiry notice. For example, prior to signing the loan documents, Plaintiffs’ request to review the paperwork was denied, and they were not given copies of the documents after signing. Further, Plaintiffs *643 received a letter in November of 2006 indicating that Chase had purchased and would be servicing their loans, which directly contradicted the representation by San Luis Defendants that their loan would be held by a small, local bank. Yet, Plaintiffs took no action to investigate possible fraud in the origination of their loans within the statutory period.
2. The district court also properly found that Plaintiffs’ claims under the Real Estate Settlement Procedures Act (RES-PA) are barred. Plaintiffs allege a violation of 12 U.S.C. § 2607, which is barred by a one-year statute of limitations. 12 U.S.C. § 2614. Their claim of a violation of 12 U.S.C. § 2606 also fails because they did not send a qualified written request (QWR) regarding the servicing of their loans that was related to payments. 12 U.S.C. § 2605(e)(3). Plaintiffs’ letter to Chase in August of 2012 related to the circumstances surrounding the loan origination rather than loan payments, and thus does not qualify as a QWR. See Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 667 (9th Cir.2012).
3. Plaintiffs’ quiet title claim and claim for injunctive relief also fail because they did not make a tender offer of payment, and have not alleged sufficient facts to plead an exception to the tender rule. Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 51 Cal.Rptr.2d 286, 292 (1996). Plaintiffs have failed to allege a challenge to the underlying debt because their fraud allegations are time-barred. See Lona v. Citibank, N.A., 202 Cal.App.4th 89, 134 Cal.Rptr.3d 622, 640-1 (2011). And, as the district court determined, requiring tender was not inequitable in light of the facts alleged. See Onofrio v. Rice, 55 Cal.App.4th 413, 64 Cal.Rptr.2d 74, 80 (1997).
4. Finally, Plaintiffs failed to state any claim against Quality Loan. Plaintiffs allege that Quality Loan recorded a notice of default against their property, but Quality Loan is immune from tort liability for the mailing, publication, and delivery of such notices. Cal. Civ.Code § 2924(d).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Appellees' request for judicial notice is DENIED because the materials appended thereto "are not relevant to the resolution of this appeal.” Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006).